**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 28 2012, 8:35 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**JOSEPH A. TAYLOR**
Pendleton, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JOSEPH A. TAYLOR, ) | |
| ) | |
| Appellant-Plaintiff, ) | |
| ) | |
| vs. ) | No. 48A02-1202-PL-163 |
| ) | |
| COMMISSIONER, INDIANA DEPARTMENT ) | |
| OF CORRECTION, INDIANA PAROLE ) | |
| BOARD, KEITH BUTTS, ) | |
| ) | |
| Appellees-Defendants. ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Rudolph R. Pyle, III, Judge
Cause No. 48C01-1201-PL-5

**June 28, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE[1]

Joseph A. Taylor appeals the trial court's denial of his attempt to file an amended complaint after his original complaint was dismissed for failure to state a claim. Taylor raises a single issue for our review, namely, whether the trial court properly denied his attempt to file an amended complaint. We hold that Taylor has not met his burden on appeal to show reversible error. As such, we affirm the trial court's order.

## FACTS AND PROCEDURAL HISTORY

On January 18, 2012, Taylor, an inmate at the Pendleton Correctional Facility, filed a complaint for declaratory relief against the Commissioner of the Indiana Department of Correction; the Indiana Parole Board; Keith Burns, as Superintendent of the Pendleton Correctional Facility; and the State.[2] Pursuant to Indiana Code Section 34-58-1-2, the trial court reviewed Taylor's complaint to determine if the claims therein should be allowed to proceed. The court determined that Taylor's claims should not be allowed to proceed because they lacked an arguable basis in either law or fact. As such, on January 23, the trial court "[d]ismissed" Taylor's complaint for failure to state a claim on which relief could be granted. Appellant's App. at 2.

On February 3, Taylor attempted to file an amended complaint, in which he realleged his original claims and added a new claim against the above-named defendants. Specifically, Taylor's new claim sought a declaration that he was entitled to immediate

---

[1] The trial court dismissed Taylor's original complaint and then "denie[d]" his amended complaint. Appellant's App. at 2. Because the court declined to allow Taylor to file his complaint, there were no respondents and, as a result, no appellees. This fact is underscored by the Attorney General's filing of its notice of non-involvement.

[2] Taylor has not included a copy of his original complaint in his appendix.

2

release based both on his calculation of good time credit and his belief that he had been imprisoned on an uncharged crime of attempted voluntary manslaughter. Appellant's App. at 19-21. That same day, the court "denie[d]" Taylor's attempt to file the amended complaint. Id. This appeal ensued.

## DISCUSSION AND DECISION

Taylor contends that he had the right to file an amended complaint and that the trial court abused its discretion when it denied his attempt to file that complaint. The trial court dismissed Taylor's original complaint for failure to state a claim under Indiana Trial Rule 12(B)(6). That rule further provides that:

> When a motion to dismiss is sustained for failure to state a claim under subdivision (B)(6) of this rule[,] the pleading may be amended once as of right pursuant to Rule 15(A) within ten days after service of notice of the court's order sustaining the motion and thereafter with permission of the court pursuant to such rule.

Taylor attempted to file his amended complaint within ten days after service of notice of the trial court's dismissal of his original complaint. See Baker v. Town of Middlebury, 753 N.E.2d 67, 74 (Ind. Ct. App. 2001), trans. denied.

The trial court rejected Taylor's amended complaint, but that alone does not establish reversible error or end our inquiry. It is also Taylor's burden on appeal to demonstrate how his amended complaint would have avoided Trial Rule 12(B)(6) dismissal. See id. That is, before we will reverse the trial court's order, an appellant must present "specific information" so that we may "make a rational assessment of whether he was prejudiced by the trial court's ruling." Id. Here, a rational assessment

requires that we compare the text of the original complaint with the text of the amended complaint.

But Taylor has not included a copy of the original complaint in his appendix, a pleading that is "necessary for resolution of the issues raised on appeal." Ind. Appellate Rule 50(A)(2)(f). And at no point in his appellate argument does Taylor state or explain how his amended complaint was either different from his original complaint or would have otherwise survived the trial court's Section 34-58-1-2 review. See App. R. 46(A)(8)(a) ("The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning."). Thus, we are unable to determine, and we will not speculate, whether his amended complaint differs from his original complaint in any material respect. As such, because Taylor has failed to demonstrate the prejudice required for reversible error, we affirm the trial court's order.

Affirmed.

RILEY, J., and DARDEN, J., concur.